# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into as of this 27 day of July 2017, by and between Rafael Hernandez, Edgar Orellana, Domingo Aj, Bairon Lopez, Pedro Guarcas, Pedro Us, Edgar Vargas, and Roberto Quinilla ("Plaintiffs") and GSP Corp. d/b/a Serendipity Gourmet ("GSP"). Plaintiffs and GSP are collectively referred to as the "Parties."

WHEREAS, on April 5, 2016, Plaintiffs filed a Second Amended Complaint adding GSP as a defendant in the United States District Court for the District of Rhode Island bearing Docket No. 1:15cv00056-ML-PAS, with the caption *Guarcas et al v. Gourmet Heaven, LLC et al.* (the "Action") and asserting claims against GSP sounding in successor liability under the FLSA and RIMWA;

WHEREAS, GSP denies any wrongdoing or liability in connection with the Action and alleges that GSP's actions were, at all times, appropriate, lawful, and in good faith; and

WHEREAS, the Parties agree that it is in their best interest to avoid the costs and uncertainty involved in litigation and to resolve any and all claims and disputes between them arising out of facts, events, or conduct leading up to or related in any way to the Action, on the terms and conditions set forth below.

NOW, THEREFORE, for and in consideration of the promises, terms, conditions, agreements, and mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.  <u>Settlement Payments</u>.  In consideration of the execution of this Agreement, and specifically the release of claims raised in the Action, GSP shall pay the total sum of Fifty-Three Thousand Dollars ($53,000.00), with Fifty-One Thousand Dollars ($51,000.00) in cash and Two Thousand Dollars ($2,000.00) in Serendipity Gourmet gift certificates (together, the "Settlement Sum") allocated as follows:

    a.  GSP will issue a check payable to "Rafael Hernandez" in the amount of One Thousand Six Hundred Fifty-One Dollars and Twenty-Eight Cents ($1,651.28). In addition, GSP will provide for Mr. Hernandez a Serendipity Gourmet gift certificate in the amount of Two Hundred Fifty Dollars ($250.00).

    b.  GSP will issue a check payable to "Edgar Orellana" in the amount of Four Thousand Four Hundred Ten Dollars and Seventy-Two Cents ($4,410.72). In addition, GSP will provide for Mr. Orellana a Serendipity Gourmet gift certificate in the amount of Two Hundred Fifty Dollars ($250.00).

    c.  GSP will issue a check payable to "Domingo Aj" in the amount of Two Thousand Four Hundred Forty-Four Dollars and Eighty-Eight Cents ($2,444.88). In addition, GSP will provide for Mr. Aj a Serendipity Gourmet gift certificate in the amount of Two Hundred Fifty Dollars ($250.00).

    d.   GSP will issue a check payable to "Bairon Lopez" in the amount of Two Thousand Three Hundred Seventy-Nine Dollars and Eighty-Four Cents ($2,379.84). In addition, GSP will provide for Mr. Lopez a Serendipity Gourmet gift certificate in the amount of Two Hundred Fifty Dollars ($250.00).

    e.   GSP will issue a check payable to "Pedro Guarcas" in the amount of Two Thousand Five Hundred Twenty Dollars and Forty-Five Cents ($2,520.45). In addition, GSP will provide for Mr. Guarcas a Serendipity Gourmet gift certificate in the amount of Two Hundred Fifty Dollars ($250.00).

    f.   GSP will issue a check payable to "Pedro Us" in the amount of Seven Thousand Eight Hundred Twenty-Three Dollars and Fifty-Five Cents ($7,823.55). In addition, GSP will provide for Mr. Us a Serendipity Gourmet gift certificate in the amount of Two Hundred Fifty Dollars ($250.00).

    g.   GSP will issue a check payable to "Edgar Vargas" in the amount of Seven Thousand Twenty-Seven Dollars and Forty-Four Cents ($7,027.44). In addition, GSP will provide for Mr. Vargas a Serendipity Gourmet gift certificate in the amount of Two Hundred Fifty Dollars ($250.00).

    h.   GSP will issue a check payable to "Roberto Quinilla" in the amount of Seven Thousand Three Hundred Twenty-Five Dollars and Ninety-Two Cents ($7,325.92). In addition, GSP will provide for Mr. Quinilla a Serendipity Gourmet gift certificate in the amount of Two Hundred Fifty Dollars ($250.00).

    i.   GSP will issue a check payable to "The Law Office of Mariusz Kurzyna" in the amount of Ten Thousand Seven Hundred Ninety-One Dollars and Fourteen Cents ($10,791.14) representing the first of two parts of the settlement of Plaintiffs' claims for attorneys' fees and costs.

    j.   GSP will issue a check payable to "The Rhode Island Center for Justice" in the amount of Four Thousand Six Hundred Twenty-Four Dollars and Seventy-Eight Cents ($4,624.78) representing the second of two parts of the settlement of Plaintiffs' claims for attorneys' fees and costs.

GSP shall deliver the Settlement Sum to the Law Office of Mariusz Kurzna within fifteen (15) calendar days after the Court's approval of the Agreement in the Action, or an Order by the Court stating that judicial approval of this Agreement is not required.

2.    <u>Dismissal With Prejudice of the Action.</u>

    In consideration of the execution of this Agreement and the obligations hereunder, not more than ten (10) calendar days after the Settlement Sum is delivered and clears, the Parties will take all necessary action, if any, to dismiss with prejudice the Action with respect to the claims against GSP only, with the Parties to bear their own costs, expenses and attorneys' fees, and waiving all rights of appeal.

3.    <u>Release by Plaintiffs</u>

(a)    In consideration of the Settlement Sum and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Plaintiffs, for themselves, their  present or former agents, servants, employees, representatives, attorneys, heirs, administrators, executors, and any and all persons acting or purporting to act on their behalf, do hereby forever release and discharge GSP, and/or its respective past, present or former officers, directors, members, partners, investors, managers, owners, shareholders, representatives, servants, agents, attorneys, employees, parents, affiliates, subsidiaries, beneficiaries, predecessors, successors and assigns, and any and all individuals or entities acting or purporting to act on its behalf, but <u>expressly excluding</u> Gourmet Heaven, LLC, RI Gourmet Heaven, Inc., and Chung Cho. (the "GSP Releasees") from any and all causes of action, judgments, liens, indebtedness, damages, losses, claims, liabilities and demands arising from the Action, including claims under the FLSA and RIMWA (the "Released Claims").

(b)    Plaintiffs acknowledge and agree that (i) they may have sustained damages, expenses and losses in connection with the subject matter of the Released Claims, which are presently unknown or not suspected and that such damages, expenses and losses, if any, may give rise to additional damages, expenses and losses in the future which are not now anticipated by Plaintiffs, and (ii) that the releases set forth in subparagraph 3(a) above have been negotiated and agreed upon despite this realization and, being fully advised, Plaintiffs expressly waive any and all rights they may have under any agreement, statute, or common law principle which would limit the effect of the Releases to those claims actually known or suspected to exist at the time of the effectiveness of the Releases.

(c)    Plaintiffs agree to release and discharge the GSP Releasees not only from the claims described in subparagraph 3(a) which they could make on their own behalf, but also specifically waive any right to become, and promise not to become, a member of any class in any proceeding or case in which such a claim or claims against the GSP Releasees may arise, in whole or in part, from any event which occurred as of the date of this Agreement.

(d)    Plaintiffs acknowledge that the execution of this Agreement is not, and shall not be construed for any purpose as, an admission of fault or wrongdoing by GSP.  Plaintiffs further acknowledge that GSP's payment of the Settlement Sum shall not constitute an admission of any liability by GSP for the matters alleged in the Action, but rather the Settlement Sum constitutes the settlement of disputed claims between the Parties and reflects the Parties' desire to avoid further costs and expenses associated with the Action.

(e)    Plaintiffs understand and agree that this Agreement shall act as a full and final release of all claims, known and unknown, whether or not asserted, arising from the matters released by them as described above.

(f)    Except to enforce the provisions of this Agreement, should Plaintiffs bring any claim, action, or suit on any matter covered by the releases set forth in this subparagraph 3(a) against the GSP Releasees, this Agreement may be asserted as a complete defense, and if the GSP Releasees, collectively or individually, prevail, the party bringing such a claim, action, or suit, shall

be responsible for paying the attorneys' fees and costs that the prevailing GSP Releasees incurs in opposing such claim, in addition to any other relief to which the GSP Releasees may be entitled.

(g)  Nothing in this Agreement, including but not limited to the release of claims and non-disparagement provisions, prevents Plaintiffs from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the Rhode Island Human Rights Commission, or any other federal, state or local agency charged with the enforcement of any laws.  By signing this Agreement, however, Plaintiffs are waiving rights to individual relief concerning the Released Claims based on claims asserted in such a charge or complaint, except where such a waiver of individual relief is prohibited.  With respect to any Released Claim that cannot be released by private agreement, Plaintiffs agree to release and waive their rights (if any) to any monetary damages or other recovery as to such Released Claims, including any claims brought on their behalf, either individually, jointly, or as part of a collective action, by any governmental agency or other third party.  Notwithstanding the foregoing, this Agreement does not prohibit or bar Plaintiffs from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any governmental agency if compelled to do so by subpoena or court order.

4.  <u>Intentionally Deleted.</u>

5.  <u>Intentionally Deleted.</u>

6.  <u>Agreement Not to Sue.</u>  In consideration of the promises made by GSP in this Agreement, Plaintiffs covenant and agree never to institute any suit, charge, complaint, proceeding, or action at law, in equity, or otherwise in any court of the United States or any state thereof or in any administrative agency of the United States or any state, county, or municipality thereof or before any other tribunal, public or private, against the GSP Releasees in any way arising from or relating to the Released Claims to the date Plaintiffs sign this Agreement.  Plaintiffs also waive the right to recover any relief as a result of such a proceeding or any proceeding instituted on their behalf.  Excluded from this release and covenant not to sue are any rights and claims that are not part of the Released Claims, or cannot be waived by law.

7.  <u>Taxes.</u>  Plaintiffs acknowledge and agree to sole responsibility for the payment of any and all federal, state, city or local taxes which might be due and owing as a result of any term contained in this Agreement.  The Parties acknowledge that no tax advice has been offered or given by the Parties, their attorneys, agents, or any other representatives, in the course of these negotiations, and each Party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement.  Plaintiffs acknowledge that they may be required to submit a Form W-9 and that GSP may be required to issue a Form 1099 or other tax form reporting the consideration flowing to Plaintiffs under this Agreement to the Internal Revenue Service and/or other taxing authority.

8.  <u>Joint Motion.</u>  Anticipating that judicial approval of this Agreement may be required due to Plaintiffs' release and dismissal of claims under the FLSA and RIMWA the Parties agree to file a joint motion for approval of this Agreement in the United States District Court for the District of Rhode Island promptly after this Agreement has been duly executed by the Parties (the "Joint

Motion"). This Agreement is conditioned upon either (1) the granting of the Joint Motion, or (2) an Order by the Court stating that judicial approval of this Agreement is not required.

9.    <u>Voluntary and Informed Consent; Authority.</u>  Each Party to this Agreement warrants that no promise or inducement to enter into this Agreement has been offered, except as herein set forth, and that this Agreement is executed by each Party without relying upon any statement or representation by any other Party or its representatives, including, but not limited to, any representation concerning the nature and extent of any injury, damage or legal liability. Each Party hereto and each person executing the Agreement acknowledges that the terms and conditions of the Agreement have been completely read, and that the terms and conditions are fully understood and voluntarily accepted. Plaintiffs acknowledge and agree that they have been given a reasonable time period (at least seven days) within which to consider this Agreement. The Parties further acknowledge that each of them has had the benefit of legal counsel in entering into the Agreement, and they warrant, represent and agree that they, and each of them, understand all of the terms and are voluntarily executing the Agreement of their own free will, without coercion or duress. Each Party to this Agreement further represents and warrants that she/he/it has full authority and competence to enter into this Agreement.

10.    <u>Non-Disparagement.</u>  The Parties mutually agree not to make any statements that are disparaging to each other or otherwise take any action that would or might reasonably be interpreted as harmful to the Parties' professional, business, and/or personal reputation or character.

11.    <u>Attorneys' Fees.</u>  In any action for breach of this Agreement, a Court of competent jurisdiction shall award reasonable attorneys' fees and costs to the prevailing Party.

12.    <u>Amendment.</u>  No term or provision of this Agreement may be varied, changed, modified, waived or terminated orally, but only by an instrument in writing signed by the Party against whom the enforcement of the variation, change, modification, waiver or termination is sought.

13.    <u>Choice of Law and Severability.</u>  This Agreement shall be construed and interpreted in accordance with the laws of the State of Rhode Island. If any paragraph of the Agreement or any portion thereof shall be held to be invalid, illegal or unenforceable, the validity, legality or enforceability of the remainder of the Agreement shall not, unless the law otherwise requires, in any way be affected or impaired.

14.    <u>Binding Effect.</u>  The Agreement shall be binding upon, and inure to the benefit of, the Parties hereto, their representatives, administrators, successors and assigns.

15.    <u>Assignment of Claims.</u>  Each Party represents and warrants that no claim, demand or cause of action against any other Party has been assigned to any person, partnership, corporation, limited liability-company or other entity. If any Party has conveyed such an assignment, he and/or it hereby agrees to indemnify and hold the other Parties harmless with respect to any claim, demand or cause of action by any such assignee.

16.     <u>Joint Drafting</u>.   The Parties agree that they have jointly participated in the drafting and preparation of this Agreement, and that the language in this Agreement shall be construed as a whole according to its fair meaning, and not be construed strictly for or against any of the Parties.

17.     <u>Integration</u>.   The Parties agree that this Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof.  Except as otherwise expressly provided herein, this Agreement supersedes all other prior and contemporaneous understandings, commitments, negotiations, discussions or agreements, whether written or oral.  The failure of any Party to enforce any of the provisions in this Agreement will not be construed to be a waiver of the right of that Party to enforce such provision thereafter.

18.     <u>Counterparts</u>.   This Agreement may be executed in counterparts, each counterpart to be considered an original portion of this Agreement.

IN WITNESS WHEREOF, the Parties acknowledge that they are entering into this Agreement freely and voluntarily, as of the date set forth below, that they have sought and obtained legal counsel with respect to the matters contained in this Agreement, and that they clearly understand and assent to all of the provisions of this Agreement.

_____  07/27/07  _____
Rafael Hernandez                Date       Witness (Print Name): _MARIUSZ KURZYNA_

_____             _____
Edgar Orellana                  Date       Witness (Print Name): _____

_____             _____
Domingo Aj                      Date       Witness (Print Name): _____

_____             _____
Bairon Lopez                    Date       Witness (Print Name): _____

_____             _____
Pedro Guarcas                   Date       Witness (Print Name): _____

_____             _____
Pedro Us                        Date       Witness (Print Name): _____

_____             _____
Edgar Vargas                    Date       Witness (Print Name): _____

_____             _____
Roberto Quinilla                Date       Witness (Print Name): _____

_____
GSP Corp., d/b/a Serendipity Gourmet
By:    _____
Its:   _____
Date:  _____

7

IN WITNESS WHEREOF, the Parties acknowledge that they are entering into this Agreement freely and voluntarily, as of the date set forth below, that they have sought and obtained legal counsel with respect to the matters contained in this Agreement, and that they clearly understand and assent to all of the provisions of this Agreement.

_____
Rafael Hernandez            Date

_____            Witness (Print Name): _____
Edgar Orellana              Date            Witness (Print Name): JOHN WILLUMSEN - FRIEDMAN

_____            _____
Domingo Aj                  Date            Witness (Print Name): JOHN WILLUMSEN - FRIEDMAN

_____            _____
Bairon Lopez                Date            Witness (Print Name): JOHN WILLUMSEN - FRIEDMAN

_____            _____
Pedro Guarcas               Date            Witness (Print Name): JOHN WILLUMSEN - FRIEDMAN

_____            _____
Pedro Us                    Date            Witness (Print Name): JOHN WILLUMSEN - FRIEDMAN

_____            _____
Edgar Vargas                Date            Witness (Print Name): JOHN WILLUMSEN FRIEDMAN

_____            _____
Roberto Quinilla            Date            Witness (Print Name): JOHN WILLUMSEN - FRIEDMAN

_____
GSP Corp., d/b/a Serendipity Gourmet
By: _____
Its: _____
Date: _____

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| Pedro Guarcas, Edgar Orellana, | : | CIVIL ACTION NO: |
| Roberto Quinilla, Pedro Us, Domingo Aj, | : | 1:15CV00056-ML-PAS |
| Bairon Lopez, Rafael Hernandez, | : |  |
| and Edgar Vargas, | : |  |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **AFFIDAVIT OF TRANSLATION** |
|  | : |  |
| Gourmet Heaven, LLC, | : |  |
| RI Gourmet Heaven, Inc., and Chung Cho, | : |  |
|  | : |  |
| Defendants. | : |  |

FABIOLA OLVERA, being duly deposed hereby swears under penalty of perjury that the following is true:

1. I am fully conversant in the languages of English and Spanish which I read, speak, and write fluently.  Upon information and belief, Plaintiff Domingo Aj has limited proficiency in English.

2. On July 21, 2017, I read, in Spanish, the SETTLEMENT AGREEMENT AND RELEASE attached hereto to Plaintiff.

3. Plaintiff indicated to me that he fully understood its meaning before affixing his signature.

Dated:  July 21, 2017
Providence, RI

By: Fabiola Olvera

ID: 760340
Exp: 01/30/2021

Notary Public

Sworn to me on this 21th day of July, 2017

### Declaración Jurada de Traducción
### *Affidavit of Translation*

Yo, Domingo Aj, el demandante, debidamente jurado por este medio afirma que lo siguiente es

cierto a lo mejor de su conocimiento:

*I, Domingo Aj, the plaintiff, being duly sworn hereby affirms that the following is true to the best*

*of her knowledge:*

1. Tengo habilidad limitada en inglés. Mi lengua materna es el español, que puedo hablar,

   leer y escribir.

   *I have limited proficiency in English. My native language is Spanish, which I can speak,*

   *read, and write.*

2. El 21 de Julio, 2017, Fabiola Olvera, me leyó en español los documentos adjuntos

   Acuerdo de Conciliacion Y Liberacion.

   *On July 21, 2017, Fabiola Olvera, read to me in Spanish the attached Settlement*

   *Agreement and Release.*

3. Comprendí perfectamente la traducción verbal de los documentos antes de ponerles mi

   firma.

   *I fully understood the verbal translation of the documents prior to affixing my signature*

   *to them.*

Dated: July 21, 2017
      Providence, RI

_____
Domingo Aj

State of <u>Rhode Island</u>
County of <u>Providence</u>

3862140_1

On this 21ˢᵗ day of _July_, 2017, before me, the undersigned Notary Public, personally appeared Domingo Aj, personally known to the Notary to be the person whose name is signed on the attached document in my presence, and who swore or affirmed to the Notary that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Notary Public

760 340

Notary Number

01 / 30 / 2021

Commission Expiration

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Pedro Guarcas, Edgar Orellana, <br> Roberto Quinilla, Pedro Us, Domingo Aj, <br> Bairon Lopez, Rafael Hernandez, <br> and Edgar Vargas, | CIVIL ACTION NO: <br> 1:15CV00056-ML-PAS |

Plaintiffs,

v.                                                          **AFFIDAVIT OF TRANSLATION**

Gourmet Heaven, LLC,
RI Gourmet Heaven, Inc., and Chung Cho,

Defendants.

FABIOLA OLVERA, being duly deposed hereby swears under penalty of perjury that the following is true:

1. I am fully conversant in the languages of English and Spanish which I read, speak, and write fluently.  Upon information and belief, Plaintiff Roberto Quinilla has limited proficiency in English.

2. On July 21, 2017, I read, in Spanish, the SETTLEMENT AGREEMENT AND RELEASE attached hereto to Plaintiff.

3. Plaintiff indicated to me that he fully understood its meaning before affixing his signature.

Dated:  July 21, 2017
Providence, RI

By: Fabiola Olvera

ID: 760 340
Exp: 01/30/2021

Sworn to me on this 21th day of July, 2017

Notary Public

**Declaración Jurada de Traducción**
*Affidavit of Translation*

Yo, Roberto Quinilla, el demandante, debidamente jurado por este medio afirma que lo siguiente es cierto a lo mejor de su conocimiento:

*I, Roberto Quinilla, the plaintiff, being duly sworn hereby affirms that the following is true to the best of her knowledge:*

1.  Tengo habilidad limitada en inglés. Mi lengua materna es el español, que puedo hablar, leer y escribir.

    *I have limited proficiency in English. My native language is Spanish, which I can speak, read, and write.*

2.  El 21 de Julio, 2017, Fabiola Olvera, me leyó en español los documentos adjuntos Acuerdo de Conciliacion Y Liberacion.

    *On July 21, 2017, Fabiola Olvera, read to me in Spanish the attached Settlement Agreement and Release.*

3.  Comprendí perfectamente la traducción verbal de los documentos antes de ponerles mi firma.

    *I fully understood the verbal translation of the documents prior to affixing my signature to them.*

Dated: July 21, 2017
      Providence, RI

*Roberto Quinilla*
Roberto Quinilla

State of <u>Rhode Island</u>
County of <u>Providence</u>

On this _21_ day of ___July___ , 2017, before me, the undersigned Notary Public, personally appeared Roberto Quinilla, personally known to the Notary to be the person whose name is signed on the attached document in my presence, and who swore or affirmed to the Notary that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public

_760 340_
_____
Notary Number

_01/30/2021_
_____
Commission Expiration

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Pedro Guarcas, Edgar Orellana,<br>Roberto Quinilla, Pedro Us, Domingo Aj,<br>Bairon Lopez, Rafael Hernandez,<br>and Edgar Vargas, | CIVIL ACTION NO:<br>1:15CV00056-ML-PAS |
| Plaintiffs, | |
| v. | **AFFIDAVIT OF TRANSLATION** |
| Gourmet Heaven, LLC,<br>RI Gourmet Heaven, Inc., and Chung Cho, | |
| Defendants. | |

FABIOLA OLVERA, being duly deposed hereby swears under penalty of perjury that the following is true:

1.  I am fully conversant in the languages of English and Spanish which I read, speak, and write fluently. Upon information and belief, Plaintiff Edgar Vargas has limited proficiency in English.

2.  On July 21, 2017, I read, in Spanish, the SETTLEMENT AGREEMENT AND RELEASE attached hereto to Plaintiff.

3.  Plaintiff indicated to me that he fully understood its meaning before affixing his signature.

Dated:  July 21, 2017
        Providence, RI

By: Fabiola Olvera

Sworn to me on this 21th day of July, 2017

ID: 760 340
EX: 6/30/2021

Notary Public

<u>**Declaración Jurada de Traducción**</u>
<u>*Affidavit of Translation*</u>

Yo, Edgar Vargas, el demandante, debidamente jurado por este medio afirma que lo siguiente es

cierto a lo mejor de su conocimiento:

*I, Edgar Vargas, the plaintiff, being duly sworn hereby affirms that the following is true to the*

*best of her knowledge:*

1.  Tengo habilidad limitada en inglés. Mi lengua materna es el español, que puedo hablar,

    leer y escribir.

    *I have limited proficiency in English. My native language is Spanish, which I can speak,*

    *read, and write.*

2.  El 21 de Julio, 2017, Fabiola Olvera, me leyó en español los documentos adjuntos

    Acuerdo de Conciliacion Y Liberacion.

    *On July 21, 2017, Fabiola Olvera, read to me in Spanish the attached Settlement*

    *Agreement and Release.*

3.  Comprendí perfectamente la traducción verbal de los documentos antes de ponerles mi

    firma.

    *I fully understood the verbal translation of the documents prior to affixing my signature*

    *to them.*

Dated: July 21, 2017
      Providence, RI

*Edgar Vargas*
Edgar Vargas

State of <u>Rhode Island</u>
County of <u>Providence</u>

3862140_1

On this 21 day of July       , 2017, before me, the undersigned Notary Public, personally
appeared Edgar Vargas, personally known to the Notary to be the person whose name is signed
on the attached document in my presence, and who swore or affirmed to the Notary that the
contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public

760 340
_____
Notary Number

01 / 30 / 2021
_____
Commission Expiration

3862140_1

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Pedro Guarcas, Edgar Orellana, | : | CIVIL ACTION NO: |
| Roberto Quinilla, Pedro Us, Domingo Aj, | : | 1:15CV00056-ML-PAS |
| Bairon Lopez, Rafael Hernandez, | : | |
| and Edgar Vargas, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **AFFIDAVIT OF TRANSLATION** |
| | : | |
| Gourmet Heaven, LLC, | : | |
| RI Gourmet Heaven, Inc., and Chung Cho, | : | |
| | : | |
| Defendants. | : | |

FABIOLA OLVERA, being duly deposed hereby swears under penalty of perjury that the following is true:

1.  I am fully conversant in the languages of English and Spanish which I read, speak, and write fluently.  Upon information and belief, Plaintiff Edgar Orellana has limited proficiency in English.

2.  On July 21, 2017, I read, in Spanish, the SETTLEMENT AGREEMENT AND RELEASE attached hereto to Plaintiff.

3.  Plaintiff indicated to me that he fully understood its meaning before affixing his signature.

Dated:  July 21, 2017
       Providence, RI

_____
By: Fabiola Olvera

Sworn to me on this 21th day of July, 2017

_____  ID: 760340
Notary Public    Exp: 01/30/2021

<u>**Declaración Jurada de Traducción**</u>
<u>*Affidavit of Translation*</u>

Yo, Edgar Orellana, el demandante, debidamente jurado por este medio afirma que lo siguiente es cierto a lo mejor de su conocimiento:

*I, Edgar Orellana, the plaintiff, being duly sworn hereby affirms that the following is true to the best of her knowledge:*

1.  Tengo habilidad limitada en inglés. Mi lengua materna es el español, que puedo hablar, leer y escribir.

    *I have limited proficiency in English. My native language is Spanish, which I can speak, read, and write.*

2.  El 21 de Julio, 2017, Fabiola Olvera, me leyó en español los documentos adjuntos Acuerdo de Conciliacion Y Liberacion.

    *On July 21, 2017, Fabiola Olvera, read to me in Spanish the attached Settlement Agreement and Release.*

3.  Comprendí perfectamente la traducción verbal de los documentos antes de ponerles mi firma.

    *I fully understood the verbal translation of the documents prior to affixing my signature to them.*

Dated: July 21, 2017
       Providence, RI

                                 *Edgar Orellana*
                                 Edgar Orellana

State of <u>Rhode Island</u>
County of <u>Providence</u>

On this 21 day of July , 2017, before me, the undersigned Notary Public, personally appeared Edgar Orellana, personally known to the Notary to be the person whose name is signed on the attached document in my presence, and who swore or affirmed to the Notary that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public

760 340
_____
Notary Number

01 / 30 / 2021
_____
Commission Expiration

### UNITED STATES DISTRICT COURT
### DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Pedro Guarcas, Edgar Orellana,<br>Roberto Quinilla, Pedro Us, Domingo Aj,<br>Bairon Lopez, Rafael Hernandez,<br>and Edgar Vargas, | : <br> : <br> : <br> : | CIVIL ACTION NO:<br>1:15CV00056-ML-PAS |
| Plaintiffs, | : <br> : | |
| v. | : | **AFFIDAVIT OF TRANSLATION** |
| Gourmet Heaven, LLC,<br>RI Gourmet Heaven, Inc., and Chung Cho, | : <br> : <br> : | |
| Defendants. | : | |

FABIOLA OLVERA, being duly deposed hereby swears under penalty of perjury that the following is true:

1. I am fully conversant in the languages of English and Spanish which I read, speak, and write fluently. Upon information and belief, Plaintiff Pedro Guarcas has limited proficiency in English.

2. On July 21, 2017, I read, in Spanish, the SETTLEMENT AGREEMENT AND RELEASE attached hereto to Plaintiff.

3. Plaintiff indicated to me that he fully understood its meaning before affixing his signature.

Dated:  July 21, 2017
Providence, RI

_____
By: Fabiola Olvera

ID: 760340
Ex: 01/30/2021

Sworn to me on this 21th day of July, 2017

_____
Notary Public

## Declaración Jurada de Traducción
### *Affidavit of Translation*

Yo, Pedro Guarcas, el demandante, debidamente jurado por este medio afirma que lo siguiente es cierto a lo mejor de su conocimiento:

*I, Pedro Guarcas, the plaintiff, being duly sworn hereby affirms that the following is true to the best of her knowledge:*

1. Tengo habilidad limitada en inglés. Mi lengua materna es el español, que puedo hablar, leer y escribir.

   *I have limited proficiency in English. My native language is Spanish, which I can speak, read, and write.*

2. El 21 de Julio, 2017, Fabiola Olvera, me leyó en español los documentos adjuntos Acuerdo de Conciliacion Y Liberacion.

   *On July 21, 2017, Fabiola Olvera, read to me in Spanish the attached Settlement Agreement and Release.*

3. Comprendí perfectamente la traducción verbal de los documentos antes de ponerles mi firma.

   *I fully understood the verbal translation of the documents prior to affixing my signature to them.*

Dated: July 21, 2017
Providence, RI

_____
Pedro Guarcas

State of <u>Rhode Island</u>
County of <u>Providence</u>

3862140_1

On this 21ˢᵗ day of July , 2017, before me, the undersigned Notary Public, personally appeared Pedro Guarcas, personally known to the Notary to be the person whose name is signed on the attached document in my presence, and who swore or affirmed to the Notary that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public

7 60 3 40
_____
Notary Number

01 / 30 / 2021
_____
Commission Expiration

3862140_1

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Pedro Guarcas, Edgar Orellana, | : | CIVIL ACTION NO: |
| Roberto Quinilla, Pedro Us, Domingo Aj, | : | 1:15CV00056-ML-PAS |
| Bairon Lopez, Rafael Hernandez, | : | |
| and Edgar Vargas, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **AFFIDAVIT OF TRANSLATION** |
| | : | |
| Gourmet Heaven, LLC, | : | |
| RI Gourmet Heaven, Inc., and Chung Cho, | : | |
| | : | |
| Defendants. | : | |

FABIOLA OLVERA, being duly deposed hereby swears under penalty of perjury that the following is true:

1. I am fully conversant in the languages of English and Spanish which I read, speak, and write fluently. Upon information and belief, Plaintiff Bairon Lopez has limited proficiency in English.

2. On July 21, 2017, I read, in Spanish, the SETTLEMENT AGREEMENT AND RELEASE attached hereto to Plaintiff.

3. Plaintiff indicated to me that he fully understood its meaning before affixing his signature.

Dated: July 21, 2017
       Providence, RI

By: Fabiola Olvera

ID: 760340
Exp: 01 30/2021

Sworn to me on this 21th day of July, 2017

Notary Public

<u>**Declaración Jurada de Traducción**</u>
<u>*Affidavit of Translation*</u>

Yo, Bairon Lopez, el demandante, debidamente jurado por este medio afirma que lo siguiente es cierto a lo mejor de su conocimiento:

*I, Bairon Lopez, the plaintiff, being duly sworn hereby affirms that the following is true to the best of her knowledge:*

1.  Tengo habilidad limitada en inglés. Mi lengua materna es el español, que puedo hablar, leer y escribir.

    *I have limited proficiency in English. My native language is Spanish, which I can speak, read, and write.*

2.  El 21 de Julio, 2017, Fabiola Olvera, me leyó en español los documentos adjuntos Acuerdo de Conciliacion Y Liberacion.

    *On July 21, 2017, Fabiola Olvera, read to me in Spanish the attached Settlement Agreement and Release.*

3.  Comprendí perfectamente la traducción verbal de los documentos antes de ponerles mi firma.

    *I fully understood the verbal translation of the documents prior to affixing my signature to them.*

Dated: July 21, 2017
Providence, RI

*Bairon Lopez*
Bairon Lopez

State of <u>Rhode Island</u>
County of <u>Providence</u>

3862140_1

On this 21st day of _July_, 2017, before me, the undersigned Notary Public, personally appeared Bairon Lopez, personally known to the Notary to be the person whose name is signed on the attached document in my presence, and who swore or affirmed to the Notary that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public

760 340
_____
Notary Number

01/30/2021
_____
Commission Expiration

3862140_1

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

Pedro Guarcas, Edgar Orellana,          :
Roberto Quinilla, Pedro Us, Domingo Aj, :
Bairon Lopez, Rafael Hernandez,         :
and Edgar Vargas,                       :        CIVIL ACTION NO:
                                        :        1:15CV00056-ML-PAS
         Plaintiffs,                    :
                                        :
v.                                      :        **AFFIDAVIT OF TRANSLATION**
                                        :
Gourmet Heaven, LLC,                    :
RI Gourmet Heaven, Inc., and Chung Cho, :
                                        :
         Defendants.                    :

FABIOLA OLVERA, being duly deposed hereby swears under penalty of perjury that the following is true:

1. I am fully conversant in the languages of English and Spanish which I read, speak, and write fluently. Upon information and belief, Plaintiff Pedro Us, has limited proficiency in English.

2. On July 24, 2017, I read, in Spanish, the SETTLEMENT AGREEMENT AND RELEASE attached hereto to Plaintiff.

3. Plaintiff indicated to me that he fully understood its meaning before affixing his signature.

Dated: July 24, 2017
       Providence, RI
                                        _____
                                        By: Fabiola Olvera

                                        _____   ID: 760340
Sworn to me on this 24th day of July, 2017    Notary Public                Exp: 01/30/2021

### Declaración Jurada de Traducción
#### *Affidavit of Translation*

Yo, Pedro Us, el demandante, debidamente jurado por este medio afirma que lo siguiente es cierto a lo mejor de su conocimiento:

*I, Pedro Us, the plaintiff, being duly sworn hereby affirms that the following is true to the best of her knowledge:*

1. Tengo habilidad limitada en inglés. Mi lengua materna es el español, que puedo hablar, leer y escribir.

   *I have limited proficiency in English. My native language is Spanish, which I can speak, read, and write.*

2. El 24 de Julio, 2017, Fabiola Olvera, me leyó en español los documentos adjuntos Acuerdo de Conciliacion Y Liberacion.

   *On July 24, 2017, Fabiola Olvera, read to me in Spanish the attached Settlement Agreement and Release.*

3. Comprendí perfectamente la traducción verbal de los documentos antes de ponerles mi firma.

   *I fully understood the verbal translation of the documents prior to affixing my signature to them.*

Dated: July 24, 2017
Providence, RI

*Pedro US*
Pedro Us

State of <u>Rhode Island</u>
County of <u>Providence</u>

On this 24th day of <u>July</u>, 2017, before me, the undersigned Notary Public, personally appeared Pedro Us, personally known to the Notary to be the person whose name is signed on the attached document in my presence, and who swore or affirmed to the Notary that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public

760340
_____
Notary Number

01/30/2021
_____
Commission Expiration

3862140_1