UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF RHODE ISLAND

| | | |
|---|---|---|
| PEDRO GUARCAS, EDGAR ORELLANA, | : | |
| ROBERTO QUINILLA, PEDRO US, | : | |
| DOMINGO AJ, BAIRON LOPEZ, | : | |
| RAFAEL HERNANDEZ, and EDGAR VARGAS, | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 1:15-cv-0056-ML-PAS |
| vs. | : | |
| | : | |
| GOURMET HEAVEN, LLC, RI GOURMET | : | |
| HEAVEN, INC., CHUNG CHO, and GSP CORP. | : | |
| d/b/a SERENDIPITY GOURMET, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
SUMMARY JUDGMEN**

i

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………..…………………………………i

TABLE OF AUTHORITIES……………………………………….…………………….......ii

ISSUE PRESENTED…………………………………………………….……………………..1

PROCEDURAL HISTORY…………………………………………………………………1

STATEMENT OF FACTS……………………………………………………………………..1

ARGUMENT………………………………………………………………………………...7

    I.   Summary Judgment is Appropriate………………………………...…………..7

    II. Plaintiffs are Entitled to Damages…………………………………...…………8

        A. Wages……………………………………………………………..……….8

            i.  Minimum and Overtime Wages…………………………….………8

            ii.  Plaintiffs Have Met Their Burden of Proof……………………….…..16

        B. Liquidated Damages………………………………………………….…16

            i.  Plaintiffs are Entitled to Liquidated Damages for Owed Wages…………16

            ii.  Plaintiffs are Entitled to Recover Liquidated Damages Under the FLSA and RIMWA Simultaneously……………………….……17

        C.  Statute of Limitations…………………………………………………19

        D.  Reasonable Attorney's Fees and Costs…………………………….......20

CONCLUSION………………………………………………………………………..21

## TABLE OF AUTHORITIES

**U.S. Supreme Court**

Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)……………………………………………8

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)……………………………………15

Casas Office Machines, Inc. v. Mita Copystar American, Inc., 42 F.3d 668, 684 (1994)………..8

Comm'r of Internal Revenue v. Schleier, 515 U.S. 323, 331 (1995)……………………………17

Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583-84 (1942)…………………………17

United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)………………………………………...8

**U.S. Courts of Appeals**

Astra Pharmaceutical Prod., v Beckman Instruments, Inc., 718 F.2d 1201, 1204 (1st Cir. 1983)...8

Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 24 (1st Cir. 1989)………………………………8

Carmona v. Toledo, 215 F.3d 124,133 (1st Cir. 2000)……………………………………………8

Gay Officers Action League v. Puerto Rice, 247 F.3d 288, 295 (1st Cir. 2001)………………...20

Grendel's Den, Inc. v Larkin, 749 F.2d 945, 950 (1st Cir. 1984)………………………………20

Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992)……………………………………………20

Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 37, 47 (1st Cir. 2013)…………………………..9

McLaughlin v. Hogar San Jose, Inc., 865 F.2d 12, 13-14 (1st Cir. 1989)………………………17

Reich v. S. New England Telecom. Corp., 121 F.3d 58 (2d Cir. 1997)…………………………16

**U.S. District Court**

Herman v. Hector I. Nieves Transp., Inc., 91 F. Supp. 2d 435, 449 (D.P.R. 2000)……………..17

Mogilevsky v Bally Total Fitness Corp. 311 F. Supp. 2d 212, 216 (D. Mass. 2004)…………...20

Obert v. Republic Western Ins. Co., 264 F.Supp. 2d 106, 123 (D.R.I. 2003)…………………...20

O'Rourke v. Providence, 77 F. Supp. 2d 258 (D.R.I. 1999)……………………………………..20

**Rhode Island State Court**

Palumbo v. Unites States Rubber Co., 229 A.2d 620, 622-23 (R.I. 1967)………………………20

Shoucair v. Brown Univ., 2004 WL 20575159 (R.I. Super. Ct. 2004)…………………………20

**Statutes and Regulations**

29 U.S.C. § 203……………………………………………………………………………………9

29 U.S.C. §206……………………………………………………………...………9, 16

29 U.S.C. § 207………………………………………………………9, 10, 11, 12, 13, 14, 15

29 U.S.C. § 216………………………………………………………………………16, 19

29 U.S.C. § 255…………………………………………………………………………...19

29 U.S.C. § 260…………………………………………………………………………...16

19 C.F.R. § 516.4………………………………………………………………………...…2

Fed. R. Civ. P 56…………………………………………………………………………2, 8

R.I. Gen Laws. §28-12-3……………………………………………………...10, 11, 12, 13, 14, 15

R.I. Gen. L. § 28-12-4.1……………………………………………...9, 10, 11, 12, 13, 14, 15

R.I. Gen. L. § 28-12-11……………………………………………………………………2

R.I. Gen. Laws § 28-14-19.2……………………………………………………………16, 19

**ISSUE PRESENTED**

Defendant Chung Cho ("Defendant") violated both the Fair Labor Standards Act

("FLSA") and the Rhode Island Minimum Wage Act ("RIMWA") by not paying Plaintiffs

overtime wages as required by both federal and state law.  As no issues of disputed fact exist

regarding Defendant's failure to pay wages consistent with federal and state law summary

judgment should be granted to Plaintiffs.

**PROCEDURAL HISTORY**

On February 18. 2015, Plaintiffs filed this civil action against Gourmet Heaven, LLC, RI

Gourmet Heaven, Inc., and Chung Cho, seeking unpaid minimum and overtime wages,

liquidated damages pursuant to FLSA and RIMWA. Defendants filed an Answer on May 11,

2015. Plaintiffs filed its First Amended Complaint on February 20, 2015. Defendants filed an

Answer to Plaintiffs' First Amended Complaint on May 12, 2015. On March 17, 2016 Plaintiff

filed a Second Amended Complaint, adding GSP Corporation as a defendant under the doctrine

of successor liability and joint employment. On August 15, 2017 an order was entered approving

a settlement agreement between the Plaintiffs and GSP Corporation. On September 8, 2017 a

Stipulation of Dismissal was entered, dismissing GSP Corporation from the civil action. On

March 30, 2018 a Stipulation of Dismissal was filed dismissing the remaining corporate

defendant, Gourmet Heaven, LLC, from the civil action. Chung Cho is now the sole defendant in

the civil action.

**STATEMENT OF FACTS**

*Chung Cho and Gourmet Heaven*

Defendant Chung Cho was the sole member of Gourmet Heaven, LLC and the President

of RI Gourmet Heaven Inc. Gourmet Heaven, LLC operated Gourmet Heaven, a gourmet

1

grocery and take-out restaurant located at 173 Weybosset Street, Providence, Rhode Island. (Defendant's answer ¶ 7). RI Gourmet Heaven Inc. operated Gourmet Heaven, another gourmet grocery and take-out restaurant located at 205 Meeting Street, Providence, Rhode Island. (Defendant's answer ¶ 8). Chung Cho also owned and operated several similarly named retail food businesses in Connecticut.

*Plaintiffs were employees of Chung Cho and Gourmet Heaven*

Plaintiffs were employees who worked at both Gourmet Heaven locations in Providence, RI. All Plaintiffs were hired by Chung Cho to stock shelves and prepare foods. Each plaintiff worked as an hourly employee of Chung Cho and Gourmet Heaven and was not paid according to federal and state wage and hour laws.

During the Plaintiffs' employment, the defendant did not post and keep posted the minimum wage and overtime poster issued by the Rhode Island Department of labor and Training at the places of employment where it could be read easily by its employees, as required by R.I. Gen. L. §28-12-11. Aff. of all Plaintiffs. During the Plaintiffs' employment, the Defendant did not post and keep posted a notice explaining FLSA, as prescribed by the U.S. Department of Labor, Wage and Hour Division, in a conspicuous place in their establishment such as would permit the Plaintiffs or other employees to observe readily a copy, as required by 19 C.F.R. §516.4. Aff. of all Plaintiffs.

While employed by the Defendant, the Plaintiffs did not discover the nature or extent of the Defendant's violations of their right to be paid according to the law because the Defendant failed to conspicuously post and provide to the Plaintiffs information mandated by federal and state law; the Defendant failed to furnish to each Plaintiff earnings statements mandated by state

law; the Plaintiffs did not speak or read English; and Plaintiffs typically worked between 60 and 84 hours per week. Aff. of all Plaintiffs.

At all-time relevant to the Complaint, the federal minimum wage was $7.25 per hour. Answer at 60. At all-time relevant to the complaint federal overtime pay is time and one-half. From January 1, 2007 until December 31, 2012, the minimum hourly wage in Rhode Island was $7.40. Defendant's answer ¶ 62. From January 1, 2013 until December 31, 2013, the minimum hourly wage in Rhode Island was $7.75. From January 1, 2014 until December 31, 2014, the minimum hourly wage in Rhode Island was $8.00. Defendant's answer ¶ 64. At all-time relevant to the Complaint Rhode Island overtime pay is time and one-half.

Pedro Guarcas ("Guarcas") was employed by the Defendant to prepare food and stock shelves from on or around March 3, 2013 until on or around June 7, 2014. Aff. of Guarcas ¶ 2. Guarcas worked from 7:00 am until approximately 7:00 pm, Monday through Saturday for a total of around 72 hours each week. Aff. of Guarcas ¶ 3. From on or around March 3, 2013 until on or around September 28, 2013, the Defendant paid Guarcas $400.00 per week in cash for his work. Aff. of Guarcas ¶ 5.  From on or around March 3, 2013 until on or around September 28, 2013, the Defendant paid Guarcas by payroll check at the rate of $7.75 per hour for forty hours and paid him in cash at the rate of $11.63 for hours worked over forty in each week. Aff. of Guarcas ¶ 6.  From on or around January 6, 2014 until on or around June 7, 2014 the Defendant paid Guarcas by payroll check at the rate of $8.00 per hour for forty and paid him in cash at the rate of $12.00 for hours worked over forty in each week.  Aff. of Guarcas ¶ 7.

Edgar Orellana ("Orellana") was employed by the Defendant to prepare food and stock shelves from on or around October 1, 2012, until on or around September 18. 2013 and again from around May 2014around December 3, 3014.  Aff. of Orellana ¶ 2. Orellana worked from

7:00 am until approximately 7:00 pm, Monday through Saturday for a total of around 72 hours each week.  Aff. of Orellana ¶ 3.  From on or around October 1, 2012 until on or around September 18, 2013, the Defendant paid Orellana $360.00 per week in cash for his work.  Aff. of Orellana ¶ 5.  From on or around September 30, 2013 until on or around December 21, 2013, the Defendant paid Orellana by payroll check at the rate of $7.75 per hour for forty hours and paid him in cash at the rate of $11.63 for hours worked over forty in each week.  Aff. of Orellana ¶ 6. From on around May 2014 until on or around December 3, 2014, the Defendant paid Orellana in cash at the rate of $8.00 per hours for forty hours and paid him in cash at the rate of $12.00 for hours worked over forty each week.  Aff. of Orellana ¶ 7.

Robert Quinilla ("Quinilla") was employed the Defendant to prepare food and stock shelves from on or around July 7, 2011 until on or around June 14, 2014.  Aff. of Quinilla ¶ 2. From on or around July 7, 2011 until on or around December 21, 2011, Quinilla worked from 6:00 am until approximately 6:00 pm, Monday through Saturday, for a total of around 72 hours each week, and was paid $330.00 in cash for that work.  Aff. of Quinilla ¶ 3.  From on or around January 5, 2012 until on or around June 14, 2014, Quinilla worked a shorter Saturday shift, from 6:00 am to approximately 5:00 pm, with the rest of his schedule unchanged, for a total of around 71 hours per week.  Aff. of Quinilla ¶ 4.  From on or around January 5, 2012 until on or around September 28, 2013, the Defendant paid Quinilla $360.00 per week in cash for his work.  Aff. of Quinilla ¶ 7.  From on or around September 30, 2013 until on or around December 21, 2013, the Defendant paid Quinilla by payroll check at the rate of $7.75 per hour for forty hours and paid him in cash at the rate of $11.63 for hours worked over forty in each week.  Aff. of Quinilla ¶ 8. From on or around January 6, 2014 until on or around March 22, 2014, the Defendant paid Quinilla by payroll check at the rate of $8.00 per hours for forty hours and paid him in cash at

the rate of $12.00 for hours worked over forty in each week.  Aff. of Quinilla ¶ 9. From on or around March 24, 2014 until on or around June 14, 2014, the Defendant paid Quinilla by payroll check at the rate of $8.00 per hours for forty hours and paid him in cash at the purported overtime rate of $12.00 for hours worked over forty in each week, but actually gave him around $100 less in each week.  Aff. of Quinilla ¶ 10.

Pedro Us ("Us") was employed by the Defendant to prepare food and stock shelves from on or around April 29, 2013, until on or around July 16, 2014.  Aff. of Us ¶ 2.  Us worked from 7:00 pm until approximately 7:00 am, seven days per week for a total of around 84 hours each week.  Aff. of Us ¶ 3.  From on or around April 29, 2013 until on or around September 29, 2013, the Defendant paid Us $360.00 per week in cash for his work. (Aff. of Us ¶ 5.) From on or around September 30, 2013 until on or around December 22, 2013, the Defendant paid Us $470.00 per week for his work, $310.00 by payroll check and $160 in cash. Aff. of Us ¶ 6. From on or around January 2, 2014 until on or around July 16, 2014, the Defendant paid Us $480.00 per week for his work, $320.00 by payroll check and $160 in cash. Aff. of Us ¶ 7.

Domingo Aj ("Aj") was employed by the Defendant to prepare food and stock shelves from on or around April 25, 2013 until on or around December 3,2014. Aff. of Aj ¶ 2. From on or around April 25, 2013 until on or around July 30, 2013, Aj worked from 6:00 am until approximately 5:00 pm seven days per week, for a total of around 77 hours each week. Aff. of Aj ¶ 3. From on or around August 5, 2013 until on or around December 3, 2014, Aj worked from 6:00 am until approximately 5:00 pm, Monday through Saturday, for a total of around 66 hours each week. Aff. of Aj ¶ 4. From on or around April 25, 2013 until on or around September 28, 2013, the Defendant paid Aj $360.00 per week in cash for his work. Aff. of Aj ¶ 6. From on or around September 30, 2013 on or around December 21, 2013, the Defendant paid Aj by payroll

check at the rate of 7.75 per hour for forty hours and paid him in cash at the rate of $11.63 for hours worked over forty in each week. Aff. of Aj ¶ 7. From on or around January 6, 2014 until on or around December 3, 2014, the Defendant paid Aj by payroll check at the rate of $8.00 per hour for forty hours and paid him in cash at the rate of $12.00 for hours worked over forty in each week. Aff. of Aj ¶ 8.

Bairon Lopez ("Lopez") was employed by the Defendant to prepare food and stock shelves from on or around March 3, 2013 until on or around December 21, 2013. Aff. of Lopez ¶ 2. Lopez worked from 7:00 am until approximately 7:00 pm, Monday through Saturday, for a total of around 72 hours each week. Aff. of Lopez ¶ 3. From on or around March 3, 2013 until on or around May 11, 2013, the Defendant paid Lopez $368.00 per week in cash for his work. Aff. of Lopez ¶ 4. From on or around May 13, 2013 until on or around September 28, 2013, the Defendant paid Lopez $400.00 per week in cash for his work. Aff. of Lopez ¶ 5. From on or around September 30, 2013 until on or around December 21, 2013, the Defendant paid Lopez payroll check at the rate of $7.75 per hours for forty hours and paid him in cash at the rate of $11.63 for hours worked over forty in each week. Aff. of Lopez ¶ 6.

Rafael Hernandez ("Hernandez") was employed by the Defendant to prepare food and stock shelves from on or around August 6, 2012 until on or around February 23, 2013. Aff. of Hernandez ¶ 2. From on or around August 6, 2012 until on or around December 21, 2012, Hernandez worked from 6:00 am until approximately 4:00 pm, Monday through Saturday, for a total of around 60 hours each week, except for the month of December 2012 when he also had Saturdays off and worked a total of 50 hours each week. Aff. of Hernandez ¶ 3 and 4.  From on or around August 6, 2012 until on or around December 23, 2012, the paid Hernandez $350.00 per week in cash for his work. Aff. of Hernandez ¶ 7. From on or around January 1, 2013 until

6

on or around February 23, 2013, the Defendant paid Hernandez $360.00 per week in cash for his work. Aff. of Hernandez ¶ 8.

Edgar Vargas ("Vargas") was employed by the Defendant to prepare food and stock shelves from on or around June 6, 2011 until on or around December 3, 2014. Aff. of Vargas ¶ 2. Vargas worked six days per week, from Monday through Saturday, with a variable schedule of 10 to 12 hours each day, for a total of 68 to 72 hours per week. Aff. of Vargas ¶ 3. From on or around June 6, 2011 until on or around September 28, 2013, the Defendant paid Vargas $360.00 per week in cash. Aff. of Vargas ¶ 5. From on or around September 30, 2013 until on or around December 21, 2013, the Defendant paid Vargas by payroll check at the rate of $7.75 per hour for forty hours and paid him in cash at the rate of $11.63 for hours worked over forty in each week. Aff. of Vargas ¶ 6. From on or around January 6, 2014 until on or around December 3, 2014, the Defendant paid Vargas by payroll check at the rate of $8.00 per hour for forty hours and paid him in cash at the rate of $12.00 for hours worked over forty in each week. Aff. of Vargas ¶ 7.


**ARGUMENT**

**I.**   **Summary Judgement is Appropriate**

Plaintiffs filed their Complaint for unpaid wages, and other relief under the Fair Labor Standards Act and the Rhode Island Minimum Wage Act on February 18, 2015. On February 18, 2015, a copy of the Summons and Complaint was properly served on Defendant Cho Chung.  Proof of service of the Summons was returned and filed with this Court on February 18, 2015.

Plaintiffs now move for summary judgement to be entered against Defendant Chung Cho. Fed. R. Civ. P 56 (A) states, "the Court shall grant summary judgement if the movant shows that

there is no genuine dispute as to any material fact and that movant is entitled to judgement as a matter of law." Plaintiffs bear the burden, as the movant party, of demonstrating the absence of an issue of material facts. *See* Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Here, the Plaintiffs must cite to "particular parts of materials in the record". Fed. R. Civ. P 56 (C)(1)(A). The Court may draw inferences from underlying facts, in this case, but Plaintiffs' motion must be viewed in the context most favorable to Defendant. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Casas Office Machines, Inc. v. Mita Copystar American, Inc., 42 F.3d 668, 684 (1994). Here, Defendant must show there is a genuine dispute over the material fact with evidentiary support. Carmona v. Toledo, 215 F.3d 124,133 (1st Cir. 2000). Such evidence must be sufficient for a reasonable trier of fact to find in favor of nonmoving party. Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 24 (1st Cir. 1989); Astra Pharmaceutical Prod., v Beckman Instruments, Inc., 718 F.2d 1201, 1204 (1st Cir. 1983).

## II.     Plaintiffs Are Entitled to Damages

### A.     Wages

#### i.     Minimum and Overtime Wages

Defendant Chung Cho is liable for owed minimum and overtime wages under the FLSA and owed regular and overtime wages under the RIMWA. Defendant Cho hired Plaintiffs to provide food prep and stocking services in his two Gourmet Heaven locations in Providence, Rhode Island. Plaintiffs hours worked ranged between 50 to 84 hours per week, with many of Plaintiffs working 72 hours per week. Plaintiffs' employment ranged from December 2011 until July 2014. The Plaintiffs' were paid between $320.00 up to $470.00 dollars per workweek.

Defendant Cho Chung made all relevant decisions regarding Plaintiff's wages and working conditions. Defendant Cho Chung was the president of Gourmet Heaven. (Defendant's

answer ¶ 9). Accordingly, Defendant Cho Chung is individually liable as an employer for violations under the FLSA and the RIMWA. See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 37, 47 (1st Cir. 2013) (asserting that liability attaches to any "employer," defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee.") (quoting 29 U.S.C. § 203(d)). "Courts have generally agreed that 'a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable … for unpaid wages.'" Ibid. at 47, citing Donovan v. Agnew, 712 F.2d 1509,1511 (1st Cir. 1983).[1]

Under federal law, throughout Plaintiffs' employment with Defendant, they were entitled to the minimum wage of $7.25 per hour for each hour they worked. 19 U.S.C. § 206. Moreover, under state law, Plaintiffs were entitled to the minimum wage ranging from $7.40 to $8.00 per hours for each hour they worked during the relevant period. Under both federal and RI law Plaintiff are also entitled to overtime pay at one and one-half time of minimum wage rate for every hour worked each week over the allowed forty hours a week. 19 U.S.C. § 207 and RIMWA 28-12-4.1.

---

[1] "FLSA individual liability cases typically address 'a corporate officer with operational control of a corporation's covered enterprise,' rather than a mere employee. Agnew, 712 F.2d at 1511 (two individuals who 'together were President, Treasurer, Secretary and sole members of the Board of Directors'); see also Hotel Oasis, 493 F.3d at 34 ('president of the corporation'). We have similarly identified an ownership stake as highly probative of an individual's employer status, see Baystate, 163 F.3d at 678, as it suggests a high level of dominance over the company's operations. See Lambert v. Ackerley, 180 F.3d 997, 1012 (9th Cir.1999) (approving jury instruction that individuals were liable if they had a 'significant ownership interest with operational control of significant aspects of the corporation's day-to-day functions' (emphasis added)); Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 140 (2d Cir.1999) ('Because [the defendant] controlled the company financially, it was no idle threat when he testified that he could have dissolved the company if [the other defendants] had not followed his directions.'). The company's profits also inure directly to an individual with an ownership interest, meaning that the individual 'employs' the worker in a very concrete and literal sense. See Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 966 (6th Cir.1991) (holding individual liable where 'the evidence clearly demonstrates that [individual] was the 'top man' ... and the corporation functioned for his profit'). Manning at 48.

**Plaintiff Guarcas**

Guarcas worked 72 hours per week for Defendants from March 4, 2013 until June 7, 2014. Aff. of Guarcas ¶ 2. His employer kept no records of his hours worked or wage paid. Aff. of Guarcas ¶ 11. Guarcas worked 6 days a week and was paid $400.00 per week. Aff. of Guarcas ¶ ¶ 3 and 5.

Under federal law, throughout Guarcas' employment with Defendants, he was entitled to overtime at one and a half times his regular rate for all hours over forty (40) worked in a workweek. 29 U.S.C. § 207(a)(1). Plaintiff Guarcas' minimum wage under the FLSA should have been $7.25 per hour, and the applicable overtime rate for Plaintiff under federal law for each hour worked over forty (40) was $10.875 per hour (one and one-half times the federal minimum wage). See 29 U.S.C. § 207(a)(1). According to Mr. Guarcas' recollection, he is owed $7.140.00 in overtime wages under the FLSA.

Under Rhode Island law, for the year 2013, the applicable overtime rate for each hour Guarcas worked was $11.625 (one and one-half times the state minimum wage of $7.75 for the 2013 calendar year). See R.I. Gen Laws. §§28-12-3(e) and 28-12-4.1. Guarcas worked 32 hours over forty each workweek, and according to his recollection is owed $8,460.00 in overtime under Rhode Island Law.

**Plaintiff Orellana**

Orellana worked 72 hours per week for Defendant from October 1, 2012 until on or around September 28, 2013, and again from May 2014 until on or around December 3, 2014. Aff. of Orellana ¶ 2. His employer kept no record of his hours worked or wage paid. Aff. of Orellana ¶ 11. Orellana worked 6 days a week and was paid $360.00 a week. Aff. of Orellana ¶ ¶ 3 and 5.

Under federal law, Orellana was entitled to overtime pay at the rate of one and one-half times his regular pay for hours worked over forty (40) worked in a workweek. 29 U.S.C. § 207 (a)(1). Plaintiff Orellana's minimum wage under the FLSA should have been $7.25 per hour, and the applicable overtime rate under federal law was $10.875 per hour (one and one-half times the federal minimum wage). See 29 U.S.C. § 207(1)(1). According to Orellana's recollection he is owed $13,900 in overtime wages under the FLSA.

Under Rhode Island law, for the year of 2012, the applicable overtime rate for each hour Orellana worked was $11.10 (one and one-half times the state minimum wage of 7.40 for the 2012 calendar year). See R.I. Gen Laws. §§28-12-3(d) and 28-12-4.1. Orellana worked 32 hours over forty each workweek, and according to applicable overtime rate for each hour Orellana worked was $11.625 in 2013 (one and one-half times the state minimum wage of $7.75 for the 2013 calendar year. According to his recollection he is owed $15,730.40 in overtime under Rhode Island law.

**Plaintiff Quinilla**

Quinilla typically worked 71 hours per week for Defendant from July 7, 2011 until on or around June14, 2014. Aff. of Quinilla at ¶ 2. His employer kept no record of his hours worked or wage paid. Aff. of Quinilla at ¶ 11. Orellana worked 6 days a week and was paid $360.00 per week. Aff. of Quinilla at ¶¶ 3 and 5.

Under federal law, Quinilla was entitled to overtime pay at the rate of one and one-half times his regular pay for hours worked over forty (40) worked in a workweek. 29 U.S.C. § 207 (a)(1). Plaintiff Quinilla's minimum wage under the FLSA should have been $7.25 per hour, and the applicable overtime rate under federal law was $10.875 per hour (one and one-half times the

federal minimum wage). <u>See</u> 29 U.S.C. § 207(1)(1). According to Quinilla's recollection is owed $20,978.12 in overtime wages under the FLSA.

Under Rhode Island law, for the years of 2011 and 2012, the applicable overtime rate for each hour Quinilla worked was $11.10 (one and one-half times the state minimum wage of 7.40 for the 2012 calendar year). <u>See</u> R.I. Gen Laws. §§28-12-3(d) and 28-12-4.1. Quinilla worked 72 hours over forty each workweek, the applicable overtime rate for each hour Quinilla worked was $11.625 in 2013 (one and one-half times the state minimum wage of $7.75 for the 2013 calendar year.)  According to his recollection is owed $23,175.73 in overtime under Rhode Island law. <u>See</u> R.I. Gen Laws. §§28-12-3(e) and 28-12-4.1.

**<u>Plaintiff Us</u>**

Us worked 84 hours per week for Defendant from April 29, 2013 until on or around July 16, 2014. Aff. of Us ¶ 2. His employer kept no record of his hours worked or wage paid. Aff. of Us ¶ 11. Us worked 7 days a week. Aff. of Us at ¶ 3.

Under federal law, Us was entitled to overtime pay at the rate of one and one-half times his regular pay for hours worked over forty (40) worked in a workweek. 29 U.S.C. § 207 (a)(1). Plaintiff Us' minimum wage under the FLSA should have been $7.25 per hour, and the applicable overtime rate under federal law was $10.875 per hour (one and one-half times the federal minimum wage). <u>See</u> 29 U.S.C. § 207(1)(1). According to Us' recollection is owed $20,358.50 in overtime wages under the FLSA.

Under Rhode Island law, for the year 2013, the applicable overtime rate for each hour Us worked was $11.625 (one and one-half times the state minimum wage of 7.75 for the 2013 calendar year). <u>See</u> R.I. Gen Laws. §§28-12-3(e) and 28-12-4.1. Us worked, on average, 84 hours over forty each workweek, the applicable overtime rate for each hour Us worked was

$12.00 in 2014 (one and one-half times the state minimum wage of $8.00 for the 2014 calendar year.  <u>See</u> R.I. Gen Laws. §§28-12-3(f) and 28-12-4.1. According to his recollection is owed $24,307.00 in overtime under Rhode Island law.

**<u>Plaintiff Aj</u>**

Aj worked 66 to 77 hours per week for Defendant from April 25, 2013 until on or around September 27, 2014. Aff. of Aj ¶¶ 3 and 4. His employer kept no record of his hours worked or wage paid. Aff. of Aj ¶ 11. Aj worked 7 days a week for a period, and 6 days for the remainder of his employment. Aff. of Aj ¶¶ 3 and 4. Aj was always paid $360.00 a week. Aff. of Aj at ¶ 6.

Under federal law, Aj was entitled to overtime pay at the rate of one and one-half times his regular pay for hours worked over forty (40) worked in a workweek. 29 U.S.C. § 207 (a)(1). Plaintiff Aj's minimum wage under the FLSA should have been $7.25 per hour, and the applicable overtime rate under federal law was $10.875 per hour (one and one-half times the federal minimum wage). <u>See</u> 29 U.S.C. § 207(1)(1). According to Aj's recollection he is owed $5,903.18 in overtime wages under the FLSA.

Under Rhode Island law, for the year of 2013, the applicable overtime rate for each hour Aj worked was $11.652 (one and one-half times the state minimum wage of 7.75 for the 2013 calendar year). <u>See</u> R.I. Gen Laws. §§28-12-3(3) and 28-12-4.1. Aj worked, on average, 30 hours over forty each workweek, the applicable overtime rate for each hour Aj worked was $12 in 2014 (one and one-half times the state minimum wage of $8.00 for the 2014 calendar year).  <u>See</u> R.I. Gen Laws. §§28-12-3(e) and 28-12-4.1. According to his recollection is owed $6,831.36 in overtime under Rhode Island law.

**Plaintiff Lopez**

Lopez worked about 72 hours per week for Defendant from March 3, 2013 until on or around December 21, 2013. Aff. of Lopez ¶¶ 2 and 3. His employer kept no record of his hours worked or wage paid. Aff. of Lopez ¶ 11. Lopez worked 6 days a week and was paid between $368.00 and $400.00 per week. Aff. of Lopez ¶¶ 3, 4, and 5.

Under federal law, Lopez was entitled to overtime pay at the rate of one and one-half times his regular pay for hours worked over forty (40) worked in a workweek. 29 U.S.C. § 207 (a)(1). Plaintiff Lopez's minimum wage under the FLSA should have been $7.25 per hour, and the applicable overtime rate under federal law was $10.875 per hour (one and one-half times the federal minimum wage). See 29 U.S.C. § 207(1)(1). According to Lopez's recollection he is owed $7,460.00 in overtime wages under the FLSA.

Under Rhode Island law, for the year of 2013, the applicable overtime rate for each hour Lopez worked was $11.625 (one and one-half times the state minimum wage of 7.75 for the 2013 calendar year). See R.I. Gen Laws. §§28-12-3(d) and 28-12-4.1. Lopez worked 32 hours over forty each workweek, and according to his recollection he is owed $8,780.00 in overtime under Rhode Island law.

**Plaintiff Hernandez**

Hernandez worked 60 hours per week for Defendant from August 6, 2012 until on or around February 23, 2013. Aff. of Hernandez ¶ 2. His employer kept no record of his hours worked or wage paid. Aff. of Hernandez ¶ 11. Hernandez worked 6 days a week and was paid either $350 or $360 per week. Aff. of Hernandez ¶¶ 3, 7, and 8.

Under federal law, Hernandez was entitled to overtime pay at the rate of one and one-half times his regular pay for hours worked over forty (40) worked in a workweek. 29 U.S.C. § 207

(a)(1). Plaintiff Hernandez's minimum wage under the FLSA should have been $7.25 per hour, and the applicable overtime rate under federal law was $10.875 per hour (one and one-half times the federal minimum wage). See 29 U.S.C. § 207(1)(1). According to Hernandez's recollection he is owed $3,895.00 in overtime wages under the FLSA.

Under Rhode Island law, for the year of 2012 the applicable overtime rate for hours worked over 40 hours a week was $11.1 (one and one-times the state minimum wage of $7.40 for the 2012 calendar year). See R.I. Gen Laws. §§28-12-3(d) and 28-12-4.1. In 2013, the applicable overtime rate for each hour Hernandez worked was $11.625 (one and one-half times the state minimum wage of $7.75 for the 2013 calendar year). See R.I. Gen Laws. §§28-12-3(e) and 28-12-4.1. Hernandez worked an average of 20 hours over forty hours each workweek, and according to his recollection he is owed $4,820.00 in overtime under Rhode Island law.

**Plaintiff Vargas**

Vargas worked 70 hours per week for Defendant from June 6, 2011 until on or around December 3, 2014. Aff. of Vargas ¶ 2 and 3. His employer kept no record of his hours worked or wage paid. Aff. of Vargas ¶ 11. Vargas worked 6 days a week and was paid $360.00 per week. Aff. of Vargas ¶¶ 3 and 5.

Under federal law, Vargas was entitled to overtime pay at the rate of one and one-half times his regular pay for hours worked over forty (40) worked in a workweek. 29 U.S.C. § 207 (a)(1). Plaintiff Vargas's minimum wage under the FLSA should have been $7.25 per hour, and the applicable overtime rate under federal law was $10.875 per hour (one and one-half times the federal minimum wage). See 29 U.S.C. § 207(1)(1). According to Vargas's recollection he is owed $21,012.50 in overtime wages under the FLSA.

Under Rhode Island law, for the years of 2011 and 2012, the applicable overtime rate for each hour Vargas's worked was $11.10 (one and one-half times the state minimum wage of 7.40 for the 2012 calendar year). See R.I. Gen Laws. §§28-12-3(d) and 28-12-4.1. Vargas worked 30 hours over forty each workweek, the applicable overtime rate for each hour Vargas worked was $11.625 in 2013 (one and one-half times the state minimum wage of $7.75 for the 2013 calendar year). See R.I. Gen Laws. §§28-12-3(e) and 28-12-4.1. In 2014 the applicable overtime rate for each hour Vargas worked was $12.00 (on and one-half times the state minimum wage of $8.00 for the 2014 calendar year). See R.I. Gen Laws. §§28-12-3(f) and 28-12-4.1. According to his recollection he is owed $23,188.50 in overtime under Rhode Island law.

ii.   Plaintiffs Have Met Their Burden of Proof

Plaintiffs' affidavits are the best evidence of the hours they worked, as Defendant has failed to keep any record of their hours worked and wages paid. The Court must assume that the Plaintiff's recollections of their consistent hours are correct. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Reich v. S. New England Telecom. Corp., 121 F.3d 58 (2d Cir. 1997).

**B.    Liquidated Damages**

Plaintiffs are entitled to liquidated damages for wages that remain unpaid under both the FLSA and the RIMWA. 29 U.S.C. § 216(b); R.I. Gen. Laws § 28-14-19.2(a).

i.   Plaintiffs are Entitled to Liquidated Damages for Owed Wages

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title *shall* be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). To

escape this mandatory imposition of liquidated damages, the employer bears the burden of proving that its violation of the FLSA was in good faith and that it had reasonable grounds for believing that it was not violating the FLSA. 29 U.S.C. § 260.  By failing to provide any contrary evidence the Defendant has failed to meet the burden of showing that this narrow exception applies.

Similarly, the RIMWA provides that "an aggrieved [employee] shall be entitled to recover any unpaid wages...compensatory damages, and liquidated damages in an amount up to two (2) times the amount of unpaid wages." R.I. Gen. Laws § 28-14-19.2(a). Under R.I. Gen. Laws § 28-14-19.2, "[i]n determining the amount of any penalty imposed under this section, consideration shall be given to the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations, and whether or not the violation was an innocent mistake or willful."

Accordingly, Plaintiffs are entitled to liquidated damages in an amount equal to their owed wages under the FLSA and two (2) times the amount of unpaid wages under the RIMWA

ii.  <u>Plaintiffs are Entitled to Recover Liquidated Damages Under the FLSA and RIMWA Simultaneously</u>

Because liquidated damages serve different purposes under federal and state law, the Plaintiffs may receive both simultaneously.  The rationale behind simultaneous recovery is that liquidated damages under the FLSA are compensatory in nature, while liquidated damages under the RIMWA are punitive.  See <u>Comm'r of Internal Revenue v. Schleier</u>, 515 U.S. 323, 331 (1995) (quoting <u>Overnight Motor Transp. Co. v. Missel</u>, 316 U.S. 572, 583-84 (1942)) (liquidated damages are meant to compensate employees for the losses that they have suffered by

17

reason of not receiving the money due to them at the time that it was due). Moreover, "[a] court must grant liquidated damages unless the defendant establishes both that: (1) the violative acts or omissions by defendant were committed in good faith; and (2) the defendant had reasonable grounds for so acting. <u>Herman v. Hector I. Nieves Transp., Inc.</u>, 91 F. Supp. 2d 435, 449 (D.P.R. 2000), <u>aff'd</u>, 244 F.3d 32 (1st Cir. 2001) (citing <u>McLaughlin v. Hogar San Jose, Inc.</u>, 865 F.2d 12, 13-14 (1st Cir. 1989)).

Plaintiff Aj is entitled to $5,903.18 in liquidated damages under the FLSA for minimum wage and overtime violations. <u>See</u> Mickman Decl. (calculating damages).  Plaintiff Aj is entitled to $13,663.36 in liquidated damages under the RIMWA for regular wage and overtime violations. <u>See</u> Mickman Decl. (calculating damages).

Plaintiff Guarcas is entitled to $7,140.00 in liquidated damages under the FLSA for minimum wage and overtime violations. <u>See</u> Mickman Decl. (calculating damages). Plaintiff Guarcas is entitled to $16,920.00 in liquidated damages under the RIMWA for regular wage and overtime violations. <u>See</u> Mickman Decl. (calculating damages).

Plaintiff Hernandez is entitled to $3,895.00 in liquidated damages under the FLSA for minimum wage and overtime violations. <u>See</u> Mickman Decl. (calculating damages). Plaintiff Hernandez is entitled to $9,640.00 in liquidated damages under the RIMWA for regular wage and overtime violations. <u>See</u> Mickman Decl. (calculating damages).

Plaintiff Lopez is entitled to $7,460.00 in liquidated damages under the FLSA for minimum wage and overtime violations. <u>See</u> Mickman Decl. (calculating damages). Plaintiff Lopez is entitled to $17,560.00.00 in liquidated damages under the RIMWA for regular wage and overtime violations. <u>See</u> Mickman Decl. (calculating damages).

Plaintiff Orellana is entitled to $13,900.00 in liquidated damages under the FLSA for minimum wage and overtime violations. See Mickman Decl. (calculating damages). Plaintiff Orellana is entitled to $31,460.80 in liquidated damages under the RIMWA for regular wage and overtime violations. See Mickman Decl. (calculating damages).

Plaintiff Quinilla is entitled to $20,978.12 in liquidated damages under the FLSA for minimum wage and overtime violations. See Mickman Decl. (calculating damages). Plaintiff Quinilla is entitled to $46,352.54 in liquidated damages under the RIMWA for regular wage and overtime violations. See Mickman Decl. (calculating damages).

Plaintiff Us is entitled to $20,358.50 in liquidated damages under the FLSA for minimum wage and overtime violations. See Mickman Decl. (calculating damages). Plaintiff Us is entitled to $48,614.00 in liquidated damages under the RIMWA for regular wage and overtime violations. See Mickman Decl. (calculating damages).

Plaintiff Vargas is entitled to $21,012.50 in liquidated damages under the FLSA for minimum wage and overtime violations. See Mickman Decl. (calculating damages). Plaintiff Vargas is entitled to $46,377.00 in liquidated damages under the RIMWA for regular wage and overtime violations. See Mickman Decl. (calculating damages).

**C.    Statute of Limitations**

FLSA provides a two-year statute of limitations; where the employees can show that the employer acted willfully, the statute of limitation extends to three years. 29 U.S.C. § 255. The RIMWA provides a three-year statute of limitations. R.I. gen. Laws § 28-14-19.2(g). Thus, Plaintiffs are entitled to a three- year statute of limitation under RIMWA. Id.

Plaintiff Guarcas began working for Defendant on or around March 4, 2013 and employment ended on or around June 7, 2014. Plaintiff Quinilla began working for Defendant on

19

or around July 7, 2011 and employment ended on or around December 21, 2011. Plaintiff Us began working for Defendant on or around April 29, 2013 and employment ended on or around July 16, 2014. Plaintiff Aj began working for Defendant on or around April 25, 2013 and employment ended on September 27, 2014. Plaintiff Lopez began employment with Defendant on or around March 3, 2013 and employment ended on or around December 21, 2013. Plaintiff Hernandez began employment with Defendant on or around August 6, 2012 and employment ended on or around February 23, 2013. Plaintiff Vargas began employment with Defendant on or around June 6, 2011 and employment ended on or around December 3, 2014. Plaintiffs' filed complaint on February 18, 2015. Therefore, the entirety of Plaintiffs' claims for unpaid wages as described herein are properly awarded as all the damages were sustained within two years prior to the filing of the complaint.

### D.    Reasonable Attorney's Fees and Costs

Plaintiffs seek attorney's fees and costs under the FLSA and the RIMWA § 29 U.S.C. §216(b); R.I. Gen. Laws § 28-14-19.2(a). The First Circuit has applied the "lodestar" approach in determining hours reasonableness of attorney's fees. Gay Officers Action League v. Puerto Rice, 247 F.3d 288, 295 (1st Cir. 2001). The "lodestar approach" requires calculation "The number of hours reasonably expanded on the litigation multiplied by a reasonable hourly rate." Mogilevsky v Bally Total Fitness Corp. 311 F. Supp. 2d 212, 216 (D. Mass. 2004). The Court must determine a reasonable hourly rate by "taking into account the 'prevailing rates in the community for comparably qualified attorneys.'" Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (quoting Grendel's Den, Inc. v Larkin, 749 F.2d 945, 950 (1ᶦ Cir. 1984)).

In determining attorney's fees Rhode Island courts consider: "the fact[s] and circumstance[s] of each case…[w]e consider the amount in issue, the question of law involved

and whether they are unique or novel, the hours worked, and the diligence displayed, the result obtained, and the experience, standing and ability of the attorney who rendered the services…[e]ach of these factors is important but no one is controlling." Palumbo v. Unites States Rubber Co., 229 A.2d 620, 622-23 (R.I. 1967).  A reasonable fee for attorneys in this District ranges from $100-$275 per hour. See Obert v. Republic Western Ins. Co., 264 F.Supp. 2d 106, 123 (D.R.I. 2003); see also O'Rourke v. Providence, 77 F. Supp. 2d 258 (D.R.I. 1999), aff'd in part and rev'd in part on other grounds, 235 F.3d 713 (1st Cir. 2001) (granting one attorney in the case fees at a rate of $200 per hour); see also Shoucair v. Brown Univ., 2004 WL 20575159 (R.I. Super. Ct. 2004) (finding $275 per hour to be a reasonable hourly rate).

The Rhode Island Center for Justice is a non-profit organization that provides direct legal services in employment law, immigration, housing, and utility law to low-income individuals in the State of Rhode Island.  Should summary judgment be granted attorney's fees and costs are thus an appropriate element of damages for these Plaintiffs.

**CONCLUSION**

Based on the foregoing memorandum of law and accompanying affidavits and exhibits, Plaintiffs respectfully request this Court to enter Summary Judgement against Defendant Chung Cho in the amount requested herein.

/s/ Jordan G. Mickman
Jordan G. Mickman, R.I. Bar No. 9761
Jennifer Wood, R.I. Bar No. 3582
R.I. Center for justice
One Empire Plaza, Suite 410
Providence, R.I. 02903
(t) 401-228-6955
(f)401-228-6780
jmickman@centerforjustice.org
jwood@centerforjustice.org
