```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
PEDRO GUARCAS, et al.,              )
                                    )
        Plaintiffs,                 )
                                    )    C.A. No. 15-056 WES
    v.                              )
                                    )
GOURMET HEAVEN, LLC, et al.,        )
                                    )
        Defendants.                 )
_____ )
```

**ORDER**

Before the Court is Plaintiffs' Motion for Summary Judgment, ECF No. 55. Defendant did not file an opposition. For the reasons discussed herein, Plaintiffs' motion is GRANTED.

I.  BACKGROUND

Plaintiffs Pedro Guarcas, Edgar Orellana, Robert Quinilla, Pedro Us, Domingo Aj, Bairon Lopez, Rafael Hernandez, and Edgar Vargas worked at Gourmet Heaven, owned and operated by Defendant Chung Cho. Pls.' Local Rule 56(a) Statement of Undisputed Facts ("Pls.' SUF") ¶¶ 1, 3, ECF No. 55-2. Plaintiffs' duties involved stocking shelves and preparing foods. Id. ¶¶ 8, 13, 18, 25, 30, 36, 41, 45. All Plaintiffs were hourly employees and were paid by a combination of payroll check and cash. Mem. of Law in Supp. of Pls.' Mot. for Summ. J. ("Pls' Mot. Summ. J.") 2, ECF No. 55-1; Pls.' SUF ¶¶ 10-17, 19, 21-23, 27-29, 33-35, 38-40, 42-44, 47-49. They each allege that Defendant Cho violated the Fair Labor

1

Standards Act ("FLSA") and the Rhode Island Minimum Wage Act ("RIMWA") by failing to pay minimum wages and overtime pay. Pls.' Mot. Summ. J. 2.  Plaintiffs seek damages in the form of unpaid minimum wage and overtime pay under the FLSA and RIMWA, liquidated damages pursuant to 29 U.S.C. § 216(b) and R.I. Gen. Laws § 28-14-19.2(a), and reasonable attorneys' fees. Pl. Mot. Summ. J. 8-9, 16-20.

II. DISCUSSION

A court shall grant a motion for summary judgment when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  However, an unopposed motion for summary judgment is not granted as a matter of form.  Sanchez-Figueroa v. Banco Popular de Puerto Rico, 527 F.3d 209, 212 (1st Cir. 2008). This Court must still "consider the motion on the merits, in light of the record constituted, in order to determine whether judgment would be legally appropriate." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006)(citations omitted).

Furthermore, Defendant has failed to dispute any of the factual allegations in Plaintiffs' Statement of Undisputed Fact; as such, those facts are deemed admitted. See DRI LR 56(a)(3) ("For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party

2

objecting to the motion."); see also Schiffman v. United States, 811 F.3d 519, 525 (1st Cir. 2016) ("[F]ailure [to contest or deny undisputed facts] has consequences . . . . The [nonmovant's] failure meant that all of the facts set forth in the [movant's] statement of undisputed facts were deemed admitted.")

"The FLSA guarantees covered employees a minimum wage of $7.25 an hour, 29 U.S.C. § 206(a), and payment of one-and-one-half times their regular rate for hours worked in excess of forty in any workweek." Pruell v. Caritas Christi, 678 F.3d 10, 12 (1st Cir. 2012). An employer who violates the FLSA is liable for damages in the amount of unpaid wages and liquidated damages. See 29 U.S.C. § 216(b). Similarly, under the RIMWA, an employer who pays less than minimum wage or time and one-half for overtime hours is liable for compensatory damages and liquidated damages. See R.I. Gen. Laws §§ 28-12-3, 4.1; § 28-14-19.2.

After considering all of the relevant documents, including affidavits submitted by each Plaintiff, the Court finds that Plaintiffs are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). According to Plaintiffs Statement of Undisputed Facts and the accompanying affidavits, all Plaintiffs worked in excess of forty hours each week and were paid amounts in cash ranging from $320 to $470. See Pls.' SUF ¶¶ 9-10, 14-15, 19-21, 26-29, 31-33, 37-39, 41-44, 46-47; see generally Aff. of Domingo Aj, ECF No. 55-4; Aff. of Pedro Guarcas, ECF No. 55-5; Aff. of

3

Rafael Hernandez, ECF No. 55-6; Aff. of Bairon Lopez, ECF No. 55-7; Aff. of Edgar Orellana, ECF No. 55-8; Aff. of Roberto Quinilla, ECF No. 55-9; Aff. of Pedro Us, ECF No. 55-10; Aff. of Edgar Vargas, ECF No. 55-11.  On these facts, it is clear that each Plaintiff was not paid his due overtime wages in accordance with the requirements of the FLSA and RIMWA, and thus, judgment shall enter in their favor.[1]  See id.

However, although Plaintiffs can make out a claim under both the FLSA and the RIMWA, they are only entitled to recover for unpaid wages and liquidated damages under the FLSA.  See Bolduc v. Nat'l Semiconductor Corp., 35 F. Supp. 2d 106, 117 (D. Me. 1998) (citing Roman v. Marietta Constr., Inc., 147 F.3d 71, 74 (1st Cir. 1998)) ("[A] plaintiff is not entitled to a double recovery when he pleads both federal and state claims for the same overtime pay."); Bonich v. NAS Component Maint., Inc., C.A. No. 20-21582-CIV-MORENO, 2020 WL 3000187, at *3 (S.D. Fla. June 4, 2020) ("[I]t is well established that a plaintiff cannot double recover unpaid wages."); see also Roman, 147 F.3d at 76 ("Since [Plaintiff]

---

[1] Defendant Cho is a corporate officer of Gourmet Heaven, and consequently, is liable as an employer under the FLSA. See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 47 (1st Cir. 2013)  ("Courts have generally agreed that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable . . . for unpaid wages.")(quotation marks and citation omitted).

4

received compensation under the FLSA for his claims, he cannot recover again under Maine law.").

Consequently, Plaintiffs are entitled to damages under the FLSA in the amount of unpaid overtime wages and liquidated damages, pursuant to 29 U.S.C § 216(b), as set forth below.[2]  See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").  Additionally, Plaintiffs are entitled to " reasonable attorney's fees" pursuant to 29 U.S.C. § 216(b).  See Rudy v. City of Lowell, 883 F. Supp. 2d 324, 326 (D. Mass. 2012).  However, Plaintiffs have not provided any details as to attorneys' fees in this case, so the Court cannot evaluate the reasonableness of this award.  Consequently, within 30 days of this Order, Plaintiffs must supplement the record with information regarding their fees request.

III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment, ECF No. 55, is GRANTED.  However, prior to entry of Judgment, Plaintiffs shall supplement the record with material

---

[2] The damages calculation is set forth in Declaration of Jordan Mickman, ECF No. 55-3, and the accompanying charts.

5

regarding the attorneys' fee request.  Furthermore, Plaintiffs are entitled to damages under the FLSA in the following amounts:

1. Plaintiff Aj is entitled to $5,903.18 in unpaid wages and $5,903.18 in liquidated damages.

2. Plaintiff Guarcas is entitled to $7,140.00 in unpaid wages and $7,140.00 in liquidated damages.

3. Plaintiff Hernandez is entitled to $3,895.00 in unpaid wages and $3,895.00 in liquidated damages.

4. Plaintiff Lopez is entitled to $7,460.00 in unpaid wages and $7,460.00 in liquidated damages.

5. Plaintiff Orellana is entitled to $13,900.00 in unpaid wages and $13,900.00 in liquidated damages.

6. Plaintiff Quinilla is entitled to $20,978.12 in unpaid wages and $20,978.12 in liquidated damages.

7. Plaintiff Us is entitled to $20,385.50 in unpaid wages and $20,978.13 in liquidated damages.

8. Plaintiff Vargas is entitled to $21,012.50 in unpaid wages and $21,012.50 in liquidated damages.

IT IS SO ORDERED.

*[signature: WESmith]*

William E. Smith
District Judge
Date: September 10, 2020